UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NORBERT W. ELLIS,

    Plaintiff,

    v.                                                                            Case No. 04-C-0169

GARY R. McCAUGHTRY,

    Defendant.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

On June 17, 2005, this court issued a decision and order dismissing petitioner Norbert W. Ellis' ("Ellis") petition for writ of habeas corpus. On June 20, 2005, judgment was entered on the court's order. On July 18, 2005, Ellis filed a Notice of Appeal from the judgment dismissing his petition for writ of habeas corpus. Because Ellis has filed a Notice of Appeal it is incumbent on the court to now decide whether to issue a certificate of appealability to Ellis. For the reasons which follow, the court declines to issue a certificate of appealability.

Before Ellis may take his appeal to the Court of Appeals for the Seventh Circuit, the district court must consider whether to grant him a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). Although the relevant statute states that an appeal may not be taken unless a "circuit justice or judge" grants a certificate of appealability, Rule 22 of the Federal Rules of Appellate Procedure provides that "[i]f an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1).

Under § 2253(c), a district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court of appeals has held that this standard differs only in scope from the certificate of probable cause standard that was previously developed and applied by the courts. *Herrera v. United States*, 96 F.3d 1010, 1012 (7th Cir. 1996). The *Herrera* court said that "a certificate of probable cause places the *case* before the court of appeals, but a certificate of appealability must identify each *issue* meeting the 'substantial showing' standard." *Id*. Thus, in order for the court to issue a certificate of appealability to Ellis, it must identify for the court of appeals the issues that are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (emphasis added) (quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980)), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). This test was reiterated in *Miller-El v. Cockrell*, 537 U.S. 322 (2003), *rev'd on other grounds, Miller-El v. Dretke*, 125 S.Ct. 2317 (June 13, 2005).

> Consistent with our prior precedent and the text of the habeas corpus statute, we reiterate that a prisoner seeking a COA need only demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.

*Id.* at 327.

Ellis' habeas corpus petition was predicated on several claims. Although his Notice of Appeal does not state whether he wishes to appeal this court's decision with respect to all of his claims, the court will assume that he does wish to do so.

After reviewing my decision and order of June 17, 2005, I am satisfied that Ellis should not be issued a certificate of appealability. Simply stated, I am persuaded that jurists of reason could not disagree with this court's resolution of Ellis' constitutional claims nor could jurists conclude the issues presented are adequate to deserve encouragement to proceed further. Consequently, the court will deny Ellis a certificate of appealability. Of course, Ellis retains the right to seek a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22(b).

**NOW THEREFORE IT IS ORDERED** that a certificate of appealability in this action be and hereby is **DENIED**.

**SO ORDERED** this  19th  day of July 2005, at Milwaukee, Wisconsin.

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge